IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM LEON SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil Case No.   04-102-GPM |
| ) | |
| EUGENE M. McADORY, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is William Leon Smith's § 2254 petition for a writ of habeas corpus (Doc. No. 1).  Smith seeks a new sentencing hearing, claiming that the sentence imposed on his 1996 attempted murder conviction in Madison County Circuit Court violates the U.S. Constitution or federal law because the trial court failed to conduct a fitness hearing (Ground One), improperly imposed an extended term sentence (Ground Two), and prevented him from cross-examining a witness (Ground Three).  Respondent contends that Grounds One and Three are in procedural default and that Ground Two is moot because Smith's extended term sentence was vacated by the Illinois Court of Appeals (Doc. No. 8).

Smith was convicted of attempted first degree murder and was sentenced to serve 40 years in prison.  On direct appeal, the Illinois Appellate Court remanded Smith's case to the trial court to determine whether Smith was entitled to a fitness hearing.  On remand, the trial Court determined that Smith was not entitled to a fitness hearing.  Smith appealed, claiming that his extended-term sentence was improper.  The Illinois Appellate Court determined that Smith's sentence should be modified and reduced the term to 30 years.  The state's petition for leave to appeal to the Illinois Supreme Court was denied.

Respondent asserts the defense of procedural default. Because habeas petitioners are required to exhaust state remedies, federal claims that have not been presented to the Illinois Court of Appeals and the Illinois Supreme Court in a timely fashion are in procedural default. *O'Sullivan v. Boerckel*, 119 S.Ct. 1728, (1999); *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Claims that are in procedural default warrant habeas consideration only if those claims are excused by cause and prejudice or where failure to consider the claims will result in a fundamental miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 485(1986); *Patrasso v. Nelson*, 121 F.3d 297, 301 (7th Cir. 1997).

Because Smith did not present any of his habeas claims to the Illinois Supreme Court, his claims are in procedural default. No facts permit a finding that the procedural default is excused by cause and prejudice or that failure to consider Smith's claims would result in a fundamental miscarriage of justice.

IT IS RECOMMENDED that William Leon Smith's § 2254 petition for a writ of habeas corpus (Doc. No. 1) be DENIED. This action should be dismissed with prejudice.

SUBMITTED:   April 5, 2005   .

        s/Philip M. Frazier
        **PHILIP M. FRAZIER**
        **UNITED STATES MAGISTRATE JUDGE**